PAEZ, Circuit Judge,
dissenting:
I respectfully dissent. After careful consideration of the majority’s analysis of *1168 the relevant bankruptcy code and IRS code provisions, I am not persuaded that § 1222(a)(2)(A) does not entitle the debtors to treat the capital gains taxes arising from the post-petition sale of their farm assets as an unsecured claim not entitled to priority under § 507. In my view, Congress’s intent was clear: it wanted to help family farmers keep their farms by allowing them to sell farm assets to pay off debts without being liable for the full amount of any capital gains tax arising from the sale, regardless of whether they sold the assets before or after filing their Chapter 12 petition.
Rather than follow the course proposed by the majority, I would follow the reasoning of the Eighth Circuit in Knudsen v. IRS, 581 F.3d 696 (8th Cir.2009), and the Tenth Circuit Bankruptcy Appellate Panel’s recent decision in In re Fichen, 430 B.R. 663 (10th Cir. BAP 2010), to conclude that capital gains taxes arising from the post-petition sale of farm assets are dischargeable under the § 1222(a)(2)(A) exception. This approach would honor Congress’s clear intent and avoid an unwarranted circuit split.